UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REBECCA MOSS,                         )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No. 4:14 CV 1256 DDN
                                      )
CITY OF ARNOLD, et al.,               )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant City of Arnold to dismiss Counts I and II of plaintiff's claims against it and her Counts III and IV claims against defendant Matthew Unrein in his official capacity as the City of Arnold's City Administrator, all for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 12.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 24.) The court heard oral arguments on January 21, 2015.

## I. BACKGROUND

Plaintiff Rebecca Moss commenced this action in the Circuit Court of Jefferson County, Missouri. Plaintiff subsequently filed a first and then a second amended petition in that court. Defendants removed this action to this court pursuant to 28 U.S.C. § 1331 for federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

According to plaintiff's factual allegations in her second amended petition, the following occurred. Plaintiff was hired as a secretary for the Parks and Recreation division of the City of Arnold on August 29, 2005. (Doc. 1-4 at ¶6.) Defendant Matthew

Unrein, Arnold's City Administrator, terminated plaintiff on September 8, 2010 and gave no specific reason for the termination. (Id. at ¶¶ 7, 8.) Plaintiff filed a written appeal request to the Personnel Board of Review on September 14, 2014. (Id. at ¶ 11.) This comports with Arnold's Personnel Policy Manual which allows for an appeal of a dismissal if a request is made within 10 calendar days after the effective date of dismissal. (Id. at ¶ 9.) Additionally, the City of Arnold appeals process provides that the appeals process and all related documents will be confidential. (Id. at ¶¶ 10, 33.)

Plaintiff alleges that between March 7, 2011 and January 23, 2012, she contacted Arnold's City Attorney, Robert K. Sweeney, several times about scheduling a hearing before the City's Personnel Review Board. Mr. Sweeney acknowledged that her appeal request was timely (id. at ¶¶ 12-18), but did not otherwise respond to her inquiries until plaintiff received a letter from Mr. Sweeney on July 20, 2012. In the letter he stated that the City of Arnold had scheduled a Personnel Review Board hearing in late 2011, but the City had "failed to pull it off;" he offered to hold a hearing, if she wanted one. (Id. at ¶¶ 19, 21.) Plaintiff wrote Mr. Sweeney on July 23, 2012, requesting a hearing. (Id. ¶ 22.) To date, no hearing has been scheduled. (Id. at ¶ 23.)

Plaintiff alleges that in August 2010, the Arnold City Police Department conducted a criminal investigation of plaintiff regarding an accusation that she stole services from the City of Arnold in the alleged amount of approximately $600.00.. Charges have never been filed against her and the statute of limitations has since passed. (Id. at ¶¶ 24-32.)

Plaintiff alleges that defendant Matt Unrein, the City Administrator, published and disseminated a statement that indicated plaintiff was terminated for stealing services and concealing the theft. (Id. at ¶ 33.) Defendant William Moritz, while an acting member of Arnold's City Council, published and disseminated a statement that indicated plaintiff was terminated for stealing services. (Id. at ¶ 34.) The City of Arnold published to the media an investigative report disclosing confidential information regarding plaintiff's termination; specifically, it said plaintiff was terminated for stealing services. (Id. at ¶¶ 35-36.)

Upon these alleged facts, plaintiff alleges in Count I that the defendant City of Arnold violated her right to due process under the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983, as well as Article 1, Section 10 of the Missouri Constitution. More specifically, she alleges her rights to due process were violated because she was not given notice of a hearing, she was not given a hearing, the Board of Review failed to issue a decision, and the information about the matter was not kept confidential. (Id. at ¶ 43.)

In Count II, plaintiff alleges the defendant City of Arnold breached its contract with her by failing to provide her a Board of Review Hearing as set out in Arnold's Personnel Policy Manual. (Id. at ¶¶ 45-51.)

In Count III, plaintiff alleges that defendant Unrein, in his official and individual capacities, invaded her privacy by disclosing private facts, in violation of the statement in his September 8, 2010 letter to her that "Your appeal, and all documents relating to it, will be considered by the Personnel Board of Review, its findings and a written decision shall be promptly filed in the office of the City Administrator. All such records shall be held confidential." (Id. at ¶¶ 53-58.)

In Count IV, plaintiff alleges that defendant Unrein, in his official and individual capacities, slandered her, by stating in December 2012 and January 2013 that she had been terminated for stealing services and attempting to conceal the theft. (Id. at ¶¶ 62-71.)

In Count V, plaintiff alleges that defendant Moritz, in his official and individual capacities, invaded her privacy by disclosing private facts, in violation of the City of Arnold Personnel Policy Manual statement that all related records would be kept confidential.. (Id. ¶¶ 75-79.)

In Count VI, plaintiff alleges that defendant Moritz, in his official and individual capacities, libeled her. She alleges that in March 2013 in a written blog viewable by the public, published a statement that she, identified as Ken Moss' sister, was discovered to have stolen services and that she was reportedly fired. (Id. at ¶¶ 83-89.)

In Count VII, plaintiff alleges the defendant City violated her right to liberty under the 14th Amendment to the U.S. Constitution and 42 U.S.C. § 1983, as well as Article 1, Section10 of the Missouri Constitution, by failing to provide her notice of a Board of Review hearing to clear her name, failing to provide such a hearing, failing to issue a written decision by the Board of Review, and failing to keep the related information confidential.. (Id. at ¶ 99.)

Plaintiff seeks compensatory damages in excess of $25,000, punitive damages, court costs, and reasonable attorney's fees. (Id. at ¶¶ 5-9, 11-12.)

## II. MOTION TO DISMISS

Defendant City of Arnold moves to dismiss Counts I and II, arguing that plaintiff fails to state a claim. The City also moves to dismiss Counts III and IV against defendant Matthew Unrein in his official capacity for failure to state a claim. Plaintiff's other claims are not challenged

## III. MOTION TO DISMISS STANDARD

Defendant's motion to dismiss under F. R. Civ. P. 12(b)(6) challenges the legal sufficiency of plaintiff's allegations. See Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the pleading must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. The pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Factual allegations made by the plaintiff are accepted as true and viewed in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

# IV. DISCUSSION

Plaintiff seeks relief for the manner in which she was terminated from the employment of the City of Arnold. Plaintiff alleges that her termination violated her federal and Missouri constitutional rights to due process and liberty; was a breach of contract; and, amounted to disclosure of private facts, slander, and libel.

## Count I – Deprivation of Due Process by City of Arnold

Defendants argue that plaintiff fails to state a claim regarding the violation of her due process rights under the federal and Missouri constitutions. (Doc. 13 at 2-4.) Plaintiff argues that because the City of Arnold's Personnel Policy Manual provides for a hearing with a written record after a dismissal, the City of Arnold has created a property right in that process. (Doc. 7 at ¶¶ 1-10.)

A governmental entity cannot deprive a person of life, liberty, or property without due process, normally notice and opportunity to be heard. U.S. Const. amend. XIV; Mo. Const. art. I, § 10. Congress enacted 42 U.S.C. § 1983 to enforce the federal right to due process. The Missouri Constitution does not have a similar enforcement statute and whether or not "such a cause of action should be permitted is best left to the discretion of the General Assembly." Moody v. Hicks, 956 S.W.3d 398, 402 (Mo. Ct. App. 1997); see also Smith v. Heimer, 35 Fed. App'x 293, 294 n.1 (8th Cir. 2002) (per curiam). "No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution." Collins-Camden P'ship v. Cnty. of Jefferson, 425 S.W.3d 210, 214 (Mo. Ct. App. 2014).

In order to recover damages for a federal constitutional violation under § 1983, the plaintiff must prove "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012). Analysis always begins with an examination of the interest at issue. Id. "Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by

existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). Procedures alone do not create a property interest. "'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).

Generally, employees in Missouri are at-will employees, terminable at any time for any reason or no reason, unless there is a valid employment contract. Crews v. Monarch Fire Prot. Dist., 771 F.3d 1085, 1090-91(8th Cir. 2014) (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988) (en banc)). Post-termination grievance procedures do not create a constitutionally protected property interest in the employment. Allen v. City of Pocahontas, Ark., 340 F.3d 551, 555 (8th Cir. 2003).

The "granting of a right to appeal does not of itself change an employee's status as an employee at will." Bowen v. Mo. Dep't of Conservation, 46 S.W.3d 1, 8-9 (Mo. Ct. App. 2001) (quoting Daniels v. Bd. Of Curators of Lincoln Univ., 51 S.W.3d 1, 8-9 (Mo. Ct. App. W.D. 2001). The procedures must place substantive restrictions on the ability to discharge an employee. See Skeets v. Johnson, 816 F.2d 1213, 1217 (8th Cir. 1983) (en banc) (Bowman, J., concurring). Without additional qualifying language regarding how an employee may be terminated, post-termination procedures alone will not suffice to create a property interest. Daniels v Bd. of Curators of Lincoln Univ., 51 S.W.3d at 9-10 (language in employee manual stating "rules concerning dismissal are intended with good judgment and fair treatment" changed the conditions under which an at-will employee could be terminated and created a property right); Cole v. Conservation Com'n, 884 S.W.2d 18, 20 (Mo. Ct. App. 1994) (plaintiff an at-will employee with no property rights because employee manual contains nothing about requiring just cause to terminate an employee); Moon v. City of Sedalia, 723 S.W.2d 597 (Mo. Ct. App. 1987) (employee was an at-will employee with no property right because the Personnel Policies and Procedures Manual never limited conditions under which plaintiff could be fired).

Plaintiff has not alleged facts which indicate she was more than an at-will employee of the City of Arnold. The language of the Personnel Policy Manual is not alleged by plaintiff to contain language that limits or qualifies the City of Arnold's ability to terminate plaintiff. At-will employees in Missouri do not have a property interest in continued employment. Crews 771 F.3d at 1090. The facts alleged clearly describe this hearing as occurring post-termination: ". . . any employee who is dismissed in such a manner as to suffer a loss of compensation may appeal that action in writing within 10 calendar days after the effective date of the action." (Doc. 1-1 at ¶ 9) (emphasis added). A post-termination grievance procedure does not create a constitutionally protected property interest in continued employment. Allen, 340 F.3d at 555; see Loudermill, 470 U.S. at 541 (procedures do not create the property right).

Plaintiff has alleged no claim under 42 U.S.C. § 1983 or the 14th Amendment upon which this court can grant relief, because as an at-will employee there is no property interest in plaintiff's continued employment. Additionally, because there is no enforcement statute for Article I, Section 10 of the Missouri Constitution, there can be no cause of action for a due process violation under the Missouri Constitution. USCOC of Greater Mo. V. Cnty. of Franklin, Mo., No. 4:07 CV 1426 JCH, 2008 WL 2065060, at *3 (E.D. Mo. May 14, 2008).

Accordingly, Count I is dismissed without prejudice.

Count II – Breach of Contract by City of Arnold

Defendants argue that plaintiff fails to state a claim, because there was no contract created between plaintiff and the City of Arnold regarding a post-termination hearing before the Board of Review. (Doc. 13 at 5.) Plaintiff alleges that when she timely requested a Board of Review hearing a contract requiring the City of Arnold to provide her with such a hearing was created. (Doc. 7 at ¶¶ 12-15.)

Under Missouri law employee handbooks are generally not contracts because they lack the essential elements of a contract: offer, acceptance, and bargained for consideration. McIntosh v. Tenet Health Systems Hosps., Inc., 48 S.W.3d 85, 89 (Mo. Ct.

App. 2001). Missouri Courts have found when an employee handbook's terms are general in nature and open to interpretation they are not enforceable as a contract. See e.g., Johnson v. McDonnell Douglas Corp, 745 S.W.2d at 662. However, when terms are separately agreed to in a contract then those terms become an enforceable contract. Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 834-35 (8th Cir. 1997) (arbitration agreement signed separately enforceable even for an at-will employment); Leatherberry v. Village Green Management Co., No. 4:09 CV 2101 MLM, 2010 WL 546871 (E.D. Mo. Feb. 9, 2010) (same).

Plaintiff has not alleged that her employment status was changed from at-will to something more permanent by the employee handbook. Rather her pleadings state that the Personnel Policy Manual created a contract with a condition precedent because of the manual's specific and mandatory language—". . . shall have the right to present relating facts to the Board in a closed hearing." (Doc. 7 at ¶¶ 12-15). This was followed by a letter from Matthew Unrein on September 8, 2010 confirming her right to a hearing. (Id.) Finally, another letter was sent on July 20, 2012 by City Attorney Robert Sweeney again asking if she wanted a Personnel Board of Review hearing. (Id.) Plaintiff alleges she accepted this offer, in writing on September 14, 2010. Therefore, plaintiff alleges that a contract was formed after she met the condition precedent, that she request a hearing no later than 10 days after the effective date of termination. This is enough to meet the Iqbal standard of pleading facts that leads to the reasonable inference that the defendant is liable for the conduct alleged.

Counts III & IV – Disclosure of Private Facts and Slander by Matthew Unrein

Defendant City of Arnold argues for a partial dismissal of Counts III and IV because defendant Unrein, in his official capacity, is protected by the City's sovereign immunity. (Doc. 13 at 5-6.) Plaintiff argues that defendant Arnold purchased an insurance policy, thereby waiving sovereign immunity. (Doc. 7 at ¶ 16.)

Both invasion of privacy and slander are recognized as torts under Missouri common law. Fisher v. Wal-Mart Stores, Inc., 619 F.3d 811, 820 (8th Cir. 2010)

(slander); Balke v. Ream, 33 S.W.3d 589, 594 (Mo. Ct. App. 2000) (disclosure of private facts as an invasion of privacy tort). Generally, municipalities are not liable for tort claims arising from actions undertaken as a part of the municipality's governmental functions due to sovereign immunity. Kunzie v. City of Olivette, 184 S.W.3d 570 (Mo. 2006) (en banc). Sovereign immunity extends to municipal employees when they are sued in their official capacity. Betts-Lucas v. Hartman, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002). Municipalities may specifically waive sovereign immunity in four ways:

> (1) Where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a government function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for actions covered by the policy (section 537.610).

Brooks v. City of Sugar Creek, 340 S.W.3d 201, 206 n.2 (Mo. Ct. App. 2011) (quoting Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. W.D. 2009).

Missouri requires that if a waiver of sovereign immunity applies, the plaintiff must plead the facts specific to that waiver as part of the plaintiff's prima facie case. Townsend v. E. Chem. Waste Sys., 234 S.W.3d 452, 470 (Mo. Ct. App. 2007). As this court has previously held, sufficient facts of waiver cannot be pled merely in a response to a motion to dismiss. Jacobson v. Metro. St. Louis Sewer Dist., No 4:14 CV 1333 AFG, 2014 WL 7027881, at *4 (E.D. Mo. Dec. 11, 2014) (dismissing claim with opportunity to replead for failure to state facts specific to waiver of sovereign immunity) (quoting Epps v. City of Pine Lawn, 353 F.3d 588, 594 (8th Cir. 2003)).

Plaintiff did not allege an exception to municipal sovereign immunity, nor has she amended her pleadings in this court to include it. (Docs. 1-1, 1-3, 1-4.) The first indication of a possible exception to sovereign immunity was made in plaintiff's response to defendant's motion to dismiss in the Circuit Court of Jefferson County. (Doc. 7 at ¶ 16.) Therein plaintiff states that in response to her first set of interrogatories, defendant

admitted that Missouri Intergovernmental Risk Management has an interest in the outcome of this litigation identifying the City of Arnold as the insured. (Id.) This policy was also produced for plaintiff in response to plaintiff's request for production of documents #1. (Id.)

Counts III and IV as to Matthew Unrein in his official capacity are insufficient to state a claim, because plaintiff has not pled an exception to sovereign immunity.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants to dismiss (Doc. 12) is sustained as to Counts I, III, and IV.  These counts are dismissed with leave to amend not later than March 13, 2015.  The motion to dismiss is denied as to Count II.

**IT IS FURTHER ORDERED** that the motion of defendants to dismiss (Doc. 3) is denied as moot.  It was originally filed in the Missouri Circuit Court and was replaced by the motion to dismiss ruled above (Doc. 12).

　　　　　　　　　　　　　　　　　　/S/   David D. Noce　　　　　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on February 13, 2015.