UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14 CV 1256 DDN |
| | ) | |
| CITY OF ARNOLD, | ) | |
| MATTHEW UNREIN, | ) | |
| and WILLIAM MORITZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant William Moritz to quash service of process and to dismiss him as a defendant for lack of personal jurisdiction. (Doc. 22.)

**I. BACKGROUND**

Plaintiff filed this case in the Circuit Court of Jefferson County on July 10, 2014. (Doc. 1-1.) The case was then removed to this court on July 15, 2014 pursuant to federal question jurisdiction, an alleged violation of 42 U.S.C. § 1983. (Doc. 1.) On October 17, 2014 this court ordered plaintiff to promptly serve defendant William Moritz. (Doc. 16.) On November 14, 2014, notification was filed with this court that Moritz's adult daughter, Daina Moritz, was served on November 13, 2014 in Arnold, Missouri. (Doc. 19.)

Defendant Moritz filed a motion to quash service of process and dismiss Counts V and VI of the complaint for lack of personal jurisdiction. (Doc. 1-4.) Included with this motion was an affidavit from defendant Moritz's daughter Daina Moritz. This affidavit stated:

> Daina Moritz resides at 3167 Theodore Drive, Arnold, Missouri and that defendant Moritz, her father, does not reside there. Daina Moritz informed the individual who served her that her father did not reside there and that defendant Moritz currently resides outside the United States. The process server indicated he knew that defendant Moritz resided outside the United States. Furthermore, Daina Moritz stated that at no time did William Moritz authorize her to accept service on his behalf.

(Doc. 22-1.)

## II. MOTION TO QUASH

Defendant Moritz moves to quash service of process due to insufficiency of service. He argues that because he resides outside the United States service must satisfy Federal Rule of Civil Procedure 4(f) and not 4(e). (Doc. 23.)

## III. LEGAL STANDARD

In order for this court to assert personal jurisdiction over a defendant "the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Williams v. Chase Home Finance, LLC, No. 4:12 CV 1803 JAR, 2013 WL 3282878, at * 2 (E.D. Mo. June 27, 2013) (quoting Omni Capital Int'l, 484 U.S. at 104). The rules regarding service of process are to be construed liberally. The burden of proving that service was insufficient lies with the party challenging the validity of service. Allstate Ins. Co. v. Chante Bass, No. 4:11 CV 1910 JAR, 2014 WL 2765286, at *1 (E.D. Mo. June 18, 2014). If service of process is ineffective the district "court has discretion to either dismiss the action, or quash service but retain the case." Marshall v. Warwick, 155 F.3d 1027, 1032-33 (8th Cir. 1998); Williams, 2013 WL 3282878, at *2.

# IV. DISCUSSION

## Dwelling or Usual Place of Abode

Individuals who are located within a judicial district of the United States may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e)

At issue is whether defendant Moritz's home in Arnold, Missouri can be considered a "usual place of abode," when he is currently employed and resides in Saudi Arabia. (Doc. 23, 22-1.) Such terms have "eluded any hard and fast definition." Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991). Black's Law Dictionary defines residence as

> 1. The act or fact of living in a given place for some time. 2. The place where one actually lives, as distinguished from domicile. Residence usually just means bodily presence as an inhabitant in a given place; domicile usually requires bodily presence plus an intention to make the place one's home. A person thus may have more than one residence at a time but only one domicile. Sometimes, though, the two terms are used synonymously.

Black's Law Dictionary, 1502 (10th ed. 2014).

Because of today's mobile society "it is unrealistic to interpret [Rule 4(e)] so that the person to be served has only one dwelling house or usual place of abode at which process may be left." Nat'l Dev. Co., 930 F.2d at 257. As long as each place "contains sufficient indicia of permanence" it can be considered a person's abode for purposes of service of process. Id.

Strict interpretation of Rule 4(e) may thwart its purpose—to insure that service is reasonably calculated to provide a defendant with actual notice of the suit. C.f. Mullane v. Cent. Hanover Bank & Trust, 339 U.S. 306, 314 (1950). Therefore, a more flexible case-by-case determination using several factors is more appropriate. See, e.g, Nat'l Dev. Co., v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) (Saudi citizen could be served at his New York City apartment because he was there when served, performed significant remodeling and listed it on his bail application); Karlsson v. Rainowitz, 318 F.2d 666, 668 (4th Cir. 1963) (intent to return only one factor); Thanco Products and Imports v. Kontos, Civ. Action No. H-08-3046, 2009 WL 540963, at *5 (S.D. Tex. Mar. 3, 2009) (voting from and periodic visits to parents' home qualified it as a usual place of abode for service); Cowherd v. Rubi, No. 07-2558-JWL, 2008 WL 941632, at *3 (D. Kan. Apr. 7, 2008) (family ties, furniture, wife's location, bills); Jaffe and Asher v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y. 1993) (private bedroom, clothes, phone line, and received mail); Hartford Fire Ins. Co. v Perinovic, 152 F.R.D. 128, 130-31 (E.D. Ill. 1993) (mail delivery, bills and utilities in defendant's name, ownership of the condo). A location must be likely to provide the defendant actual notice of the suit. See Mullane, 339 U.S. at 314.

Plaintiff served defendant Moritz's daughter, Daina, on November 2, 2014, at Moritz's home, 3167 Theodore Drive, Arnold, Missouri. (Moritz Dep. 9:17-22, Mar. 14, 2015.) Plaintiff deposed Moritz's daughter on March 14, 2015, as well as acquired the voter registration record, absentee application, and voter profile of defendant Moritz. (Docs. 32-1, 32-2.) The following facts are material to determining whether 3167 Theodor Drive qualifies under Rule 4(c)(2)(B) as Moritz's dwelling or usual place of abode. Defendant Moritz currently owns and pays the taxes on 3167 Theodore Drive. (Moritz Dep. 6:11–23, 7:10–13.) Defendant Moritz receives mail there and pays the utilities for 3167 Theodore Drive. (Id. at 11:20–23.) A Ford Taurus registered to defendant Moritz is parked there. (Id. at 7:12–21.) Sometime in 2014 defendant Moritz

was transferred to Saudi Arabia with Boeing where he will remain until possibly 2016.[1] (Id. at 7:24–25, 8:1–11.) Defendant Moritz returned to Missouri in August 2014 for a few weeks. (Id. at 9:5–12.) While here, he stayed at 3167 Theodore Drive, in his own bedroom. (Id. at 9:13–16, 10:17–20.) At 3167 Theodore Drive, defendant Moritz keeps furniture, clothes, and firearms. (Id. at 9: 21–10:13.) He still has a valid Missouri driver's license. (Id. at 11:16–19.) According to Jefferson County, Missouri records, defendant Moritz registered to vote at 3167 Theodore Drive in 2006 and requested absentee ballots be sent to that address for the April, August, and November 2014 elections. (Doc. 32-2 at 2–3.) In the letter requesting absentee ballots defendant Moritz stated "[o]ur Jefferson County address remains the same and it is 3167 Theodore Drive . . .", but that he was living for a few years in Saudi Arabia while on assignment with Boeing. (Id. at 3.) Defendant Moritz's voting record indicates he voted in April and November 2014 by absentee ballot, but voted at the polling precinct in Jefferson County in August 2014. (Id. at 4.)

The connections that defendant Moritz has with his home in Missouri are very similar to many of the cases that have held service sufficient, even if it is made at a secondary home. The defendant in Thanco Products and Imports lived and claimed residency in Greece but occasionally visited and registered to vote at his parents' home in North Carolina. Thanco Products and Imports, 2009 WL 540963, at *2–3. The defendant in Jaffe and Asher lived in California but received mail, maintained a bedroom, and had a phone line at his mother's home in New York where notice of the suit was delivered. Jaffe and Asher v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y. 1993). Here defendant maintains a bedroom, vehicle, his voter registration, and continues to receive mail at 3167 Theodore Drive. Therefore, although defendant Moritz resides in Saudi Arabia, he continues to have sufficient ties to 3167 Theodore Drive, Arnold, Missouri, such that service there upon someone of suitable age and discretion who resides there would be reasonably calculated to provide defendant Moritz with actual notice of the suit.

---

[1] Defendant Moritz's daughter was not sure when this assignment would end. She stated "[i]t might change." (Moritz Dep. 8:11.)

Someone of Suitable Age and Discretion

As previously stated, Federal Rule of Civil Procedure 4(e)(2)(B) provides that service is sufficient if a copy of a summons is left at a person's usual dwelling or place of abode with "someone of suitable age and discretion who resides there." F. R. Civ. P. 4(e)(2)(B). Defendant Moritz argues that Daina Moritz cannot be this person because he never gave her permission to accept service on his behalf. (Doc. 36 at 3.)

Many courts have held that a person who resides at the defendant's dwelling or place of abode and is of "suitable age and discretion" need not also have been authorized to accept service. S.E.C. v. Marino, 29 Fed App'x 538, 539 (10th Cir. 2002) (serving defendant's daughter living at his home sufficient); United Servs. Auto. Ass'n v. Barger, 910 F.2d 321, 324 (6th Cir. 1990) (defendant's 13 year-old son); United States v. Rose, 437 F. Supp. 2d 1166, 1172-73 (S.D. Cali. 2006) (unnamed man in twenties residing with defendant); Ali v. Mid-Atlantic Settlement Servs., Inc., 233 F.R.D. 32, 37 (D.D.C. 2006) (delivery to defendant's mother sufficient); Limon-Hernandez v. Lumbreras, 171 F.R.D. 271, 273 (D. Ore. 1997) (leaving the complaint with an adult male inside the residence sufficient). Black's Law Dictionary defines discretion as,

> Wise conduct and management exercised without constraint; the ability coupled with the tendency to act with prudence and propriety. 2. Freedom in the exercise of judgment; the power of free decision-making.

Black's Law Dictionary, 565 (10th ed. 2014).

Daina Moritz is an adult who has no infirmities indicating she lacks the ability to act with prudence and propriety. (See generally Moritz Dep.) Ms. Moritz handles her parents' mail and the upkeep of their home in Arnold. (Moritz Dep. 11:20–23.) Additionally, it is uncontroverted that she resides at 3167 Theodore Drive, Arnold, Missouri. (See Moritz Dep. 6:11–13.) Therefore, she is a person of suitable age and discretion.

## V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant William Moritz to quash service of process as legally insufficient and to dismiss him for lack of personal jurisdiction (Doc. 22) is **DENIED**.

                                            /S/   David D. Noce
                                     **UNITED STATES MAGISTRATE JUDGE**

Signed on April 8, 2015.